UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 05CV11206REK

ANNIE COOPER,
    Plaintiff

v.

THE UNITED STATE DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,
GROVE HALL APARTMENTS LLC, AND
THOMAS CONSTRUCTION COMPANY, INC.
    Defendants,

### ANSWER AND JURY CLAIMS
### ON BEHALF OF THE DEFENDANTS, THE UNITED STATE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, AND THOMAS CONSTRUCTION COMPANY, INC.

Now come the Defendants, The United States Department of Housing and Urban Development, and Thomas Construction Company, Inc., (hereinafter "Defendants") and answers the Complaint paragraph by paragraph as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure.

SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendants answer the Complaint paragraph by paragraph as follows:

1.    The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore deny said allegations.

2. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore deny said allegations.

3. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore deny said allegations.

4. The Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Complaint and therefore deny said allegations.

5. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

## FACTS

6. The Defendants repeat and reallege its answers to paragraphs 1 through 5 as if expressly set forth herein.

7. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

8. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

9. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint,

10. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

11. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

12. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

13. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

14. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

15. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

16. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

## COUNT I
## Negligence – The United States Department of Housing and Urban Development

17. The Defendants repeat and reallege its answers to paragraphs 1 through 16 as if expressly set forth herein.

18. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

19. WHEREFORE, the Defendants deny the Plaintiff is entitled to judgment in any amount or kind, including interests and costs.

## COUNT II
## Negligence – Grove Hall Apartments LLC

20. The Defendants repeat and reallege its answers to paragraphs 1 through 19 as if expressly set forth herein.

21. As this paragraph pertains to another Defendant, no response is required of the Defendants.

22. WHEREFORE, the Defendants deny the Plaintiff is entitled to judgment in any amount or kind, including interests and costs.

## COUNT III
## Negligence – Thomas Construction Company, Inc.

23. The Defendants repeat and reallege its answers to paragraphs 1 through 22 as if expressly set forth herein.

24. The Defendants deny the allegations set forth in this paragraph of the Plaintiff's Complaint.

25. WHEREFORE, the Defendants deny the Plaintiff is entitled to judgment in any amount or kind, including interests and costs.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the Plaintiff was comparatively negligent and her recovery from the Defendant must be diminished in proportion to the amount of negligence attributable to her.

### FOURTH AFFIRMATIVE DEFENSE

The claims are barred because the injuries and damages which the Plaintiff alleges his sufferings were caused by the intervening and/or superseding negligence of other acts or omissions of third persons or entities for whose conduct the Defendant is not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs are estopped from recovery.

### SIXTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiffs contributed to cause, in whole or in part, the damage alleged wherefore the recovery is barred in whole or in part, or subject to diminution.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted because the Plaintiffs were negligent and no special relationship existed between the Plaintiff and Defendant.

### EIGHT AFFIRMATIVE DEFENSE

The Plaintiff has waived any right to recovery by her own conduct.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the action was not brought in accordance with and within the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the negligence of the Plaintiff was greater than the alleged negligence of the Defendant, and that such negligence of the Plaintiff contributed to her alleged injuries and, therefore, the Plaintiff is barred from recovery under M.G.L. c. 231, §85.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff is guilty of contributory negligence and that the damages, if any, recovered by the Plaintiff from the Defendant should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L. c. 231, §85.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that if the Plaintiff suffered injuries, such injuries were a result of the Plaintiff's breach of her duties to exercise due care to protect and ensure her own safety.

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant states that if the Plaintiff was injured as alleged, such injuries were due to the acts or negligence of another, which constitutes an intervening, superseding cause, and therefore the Defendant is not liable.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the Defendant reserves the right to add such other and further defenses as become apparent in the course of discovery.

WHEREFORE, the Defendants deny the Plaintiff is entitled to judgment in any amount or kind, including interests and costs.

## JURY CLAIM

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES PROPERLY TRIABLE.

Dated: June 2005

Respectfully submitted,
The Defendants,
The United States Department of
Housing and Urban Development,
and Thomas Construction Company,
Inc.,

Michael L. Mahoney
Mullen & McGourty
52 Temple Place, 4th Floor
Boston, MA 02111
(617) 338-9200
BBO# 557562

## CERTIFICATE OF SERVICE

    I, Michael L. Mahoney, hereby certify that I have served a true copy of the within document this ___ day of June, 2005, via first class mail, postage prepaid upon the following:

Ann McNamara, Esq.
Quinn and Morris
141 Tremont Street
Boston, MA 02111

                                                                _____
                                                                 Michael L. Mahoney